IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TAMMY POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-cv-03022-SEM-TSH |
| v. | ) | |
| | ) | |
| SANGAMON COUNTY, ILLINOIS, THE | ) | |
| SANGAMON COUNTY SHERIFF'S | ) | Judge: Sue Myerscough |
| DEPARTMENT and JACK CAMPBELL, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendants, Sangamon County, Illinois ["County"], the Sangamon County Sheriff's Department ["Department"], and Jack Campbell ["Sheriff"], by and through their attorneys Hinshaw & Culbertson LLP and for their answer to Plaintiff's complaint states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with Title 42, United States Code, Sections 1983 and 1988. This is a civil action arising under the laws of the United States. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(6) since each of the Defendants resides within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1.      That Powell is an adult resident of Sangamon County, Illinois.  At times relevant to this case she was employed by the Defendants as a lieutenant assigned to the Sangamon County Jail.  She has been employed continuously in positions in the Sangamon County Jail since January 3, 1998.

**ANSWER:      Defendants admit the allegations of paragraph 1 of Plaintiff's complaint.**

2.      That the County is a unit of local government providing a variety of governmental services to individuals residing within its corporate boundaries.

**ANSWER:      Defendants admit the allegations of paragraph 2 of Plaintiff's complaint.**

3.      That the Sheriff is currently an elected official of Sangamon County, Illinois. He: a) holds an office created by Article VII, Section 4 of the *Illinois Constitution of 1970;* and b) serves as the chief law enforcement officer of the County.   In that capacity he supervises all law enforcement officers of the County, develops and administers law enforcement policies of the County, supervises all individuals employed by the Department and plays a significant role in disciplinary decisions involving employees in the Department.   He is named in his individual capacity and, for purposes of implementing equitable relief, his official capacity as well.

**ANSWER:      Defendants admit the allegations of paragraph 3 of Plaintiff's complaint.**

4.      That the Department is headed by the Sheriff and provides various law enforcement, public safety and correctional services within the boundaries of the County.

**ANSWER:      Defendants admit the allegations of paragraph 4 of Plaintiff's complaint.**

## STATEMENT OF CLAIM

5.      That Powell, a female, began her employment in the Department as a correction officer. During her employment, she advanced through a series of progressively more responsible positions.  In January of 2019 she held the rank of correctional lieutenant.

2

**ANSWER:**    **Defendants admit the allegations of paragraph 5 of Plaintiff's complaint.**

6.    That during Powell's career in the Department three females, Powell included, advanced to the rank of correctional lieutenant. At times relevant to this case, Powell was the only female correctional lieutenant employed by the Department.

**ANSWER:**    **Defendants admit that during Powell's career in the Department of Corrections, three females, including Powell, advanced to the rank of Lieutenant. At the time Powell was terminated, she was the only female lieutenant in the Department of Corrections.**

7.    That typically between 6 and 9 correctional lieutenants are employed in the Department at any one time.

**ANSWER:**    **Defendants admit the allegations of paragraph 4 of Plaintiff's complaint.**

8.    That at all times relevant to this case Powell was a member of the collective bargaining unit composed of Department employees that were represented by the Fraternal Order of Police Labor Council ["FOP"].

**ANSWER:**    **Defendants admit that Powell's collective bargaining unit was comprised of correctional officers, control room operators and cooks, booking clerks, supply assistant, fiscal coordinator and librarian.**

9.    That at all times pertinent there did exist a collective bargaining agreement between the FOP and the County and the Department covering Powell's employment. By its terms, a covered employee could not be terminated from employment absent good cause.

**ANSWER:**    **Defendants admit that Powell at the time of her termination was covered under a collective bargaining agreement and by its terms a covered employee could not be terminated from employment absent "just cause". The Defendants deny that said collective bargaining agreement references "good cause".**

10.    That on January 22, 2019 the Sheriff terminated Powell from employment with the Department alleging that Powell had: I) engaged in sexual harassment with a male nurse employed by contractor for the County; 2) failed to report sexual harassment by a male nurse toward female

3

subordinates of Powell; 3) failed to report a kiss with the male nurse during an investigation into her conduct; and 4) brought her cell phone to work.

**ANSWER:** **Defendants deny that paragraph 10 of Plaintiff's complaint accurately describes the allegations made against Powell which led to her termination.**

11. That the action of the Sheriff in terminating Powell was not supported by good cause.

**ANSWER:** **Defendants admit that it had "just cause" in terminating Powell. Defendants can neither admit nor deny paragraph 11 of Plaintiff's complaint as alleged without a definition of "good cause".**

12. That the action of the Sheriff as described in paragraph 10 above was undertaken by him under color of law and pursuant to his authority as the Sheriff of the County.

**ANSWER:** **Defendants admit the allegations of paragraph 12 of Plaintiff's complaint.**

## COUNT I

FIRST CAUSE OF ACTION AGAINST THE SHERIFF, JACK CAMPBELL

1.-12. That for paragraphs 1 through 12 of Count I Powell repeats paragraphs 1 through 12 from above.

**ANSWER:** **Defendant repeats and realleges his answers to paragraph 1 through 12 of Plaintiff's complaint as and for his answers to paragraphs 1 through 12 of Count I of Plaintiff's complaint.**

13. That by virtue of the terms of the collective bargaining agreement referred to above which prevented Powell from being terminated from her employment absent good cause, she possessed a property interest in her employment with the County and the Department.

**ANSWER:** **Defendant admits that Powell possessed the property interest in her employment with the Sangamon County Department of Corrections; however, denies the remainder of paragraph 13 of Count I of Plaintiff's complaint.**

14. That by virtue of the property interest held by Powell in her employment with the County and the Department she was entitled to receive a pre-deprivation hearing which would

4

afford her with both: a) an opportunity to be made aware of the reasons discipline was contemplated against her; and b) a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

**ANSWER:**     **Defendant denies the allegations of paragraph 14 of Count I of Plaintiff's complaint.**

15.     That on January 11, 2019 Powell received notice that the Department was contemplating assessing discipline against her and she had an opportunity to participate in a pre-disciplinary hearing which would be held on January 18, 2019.

**ANSWER:**     **Defendant admits that Powell was provided with notice dated January 10, 2019 that a pre-disciplinary hearing was scheduled for January 14, 2019.  The pre-disciplinary hearing was eventually moved to January 18, 2019.**

16.     That on January 18, 2019 Powell attended a pre-disciplinary hearing.

**ANSWER:**     **Defendant admits the allegations of paragraph 16 of Count I of Plaintiff's complaint.**

17.     That the Sheriff had prior to the time of the pre-disciplinary hearing decided to terminate Powell. He reported that decision at a meeting of the Jail Committee of the Sangamon County Board of Supervisors which was held on January 15, 2019.

**ANSWER:**     **Defendant admits that at a jail committee meeting on January 15, 2019, Sheriff Campbell  reported to the committee that in the next few days/weeks he anticipated two correctional officers would be terminated.  Defendant further admits that after learning the results of the internal affairs investigation and prior to the pre-disciplinary hearing, the Sheriff had decided to seek termination of Powell.**

18.     That because of the foregoing the Sheriff made the decision to terminate the employment of Powell without providing her with a meaningful pre-deprivation hearing. In so doing Powell was deprived of a property interest without due process of law contrary to the rights afforded to her under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

0727898\307463853.v1

**ANSWER:**    **Defendant denies the allegations of paragraph 18 of Count I of Plaintiff's complaint.**

19.    That as a direct and proximate result of the foregoing conduct Powell lost her employment and sustained the loss of salary, employment benefits and other benefits arising out of her employment with the County and the Department. Additionally, she has suffered emotional pain and anguish, damage to her reputation, emotional distress, inconvenience and the loss of enjoyment of life.

**ANSWER:**    **Defendant denies the allegations of paragraph 19 of Count I of Plaintiff's complaint.**

## COUNT II

FIRST CAUSE OF ACTION AGAINST THE SANGAMON COUNTY, ILLINOIS

1.-12.    That for paragraphs 1 through 12 of Count II Powell repeats paragraphs l through 12 from above.

**ANSWER:**    **Defendant repeats and realleges his answers to paragraph 1 through 12 of Plaintiff's complaint as and for his answers to paragraphs 1 through 12 of Count II of Plaintiff's complaint.**

13.    That by virtue of the office he held the Sheriff, at times relevant to this case, was a policymaker of the County.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Count II of Plaintiff's complaint based on Plaintiff's use of the overly broad and vague phrase "policymaker of the county".**

14.    That by virtue of the terms of the collective bargaining agreement referred to above which prevented Powell from being terminated from her employment absent good cause, she possessed a property interest in her employment with the County and the Department.

**ANSWER:**    **Defendant admits that Powell possessed the property interest in her employment with the Sangamon County Department of Corrections; however, denies the remainder of paragraph 14 of Count II of Plaintiff's complaint.**

0727898\307463853.v1

15.     That by virtue of the property interest held by Powell in her employment with the County and the Department she was entitled to receive a pre-deprivation hearing which would afford her with both: a) an opportunity to be made aware of the reasons discipline was contemplated against her; and b) a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

**ANSWER:**     **Defendant denies the allegations of paragraph 15 of Count II of Plaintiff's complaint.**

16.     That on January 11, 2019 Powell received notice that the Department  was contemplating assessing discipline against her and she had an opportunity to participate in a pre-disciplinary hearing which would be held on January 18, 2019.

**ANSWER:**     **Defendant admits that Powell was provided with notice dated January 10, 2019 that a pre-disciplinary hearing was scheduled for January 14, 2019.  The pre-disciplinary hearing was eventually moved to January 18, 2019.**

17.     That on January 18, 2019 Powell attended a pre-disciplinary hearing.

**ANSWER:**     **Defendant admits the allegations of paragraph 17 of Count II of Plaintiff's complaint.**

18.     That the Sheriff had prior to the time of the pre-disciplinary hearing decided to terminate Powell. He reported that decision at a meeting of the Jail Committee of the Sangamon County Board of Supervisors which was held on January 15, 2019.

**ANSWER:**     **Defendant admits that at a jail committee meeting on January 15, 2019, Sheriff Campbell  reported to the committee that in the next few days/weeks he anticipated two correctional officers would be terminated.  Defendant further admits that after learning the results of the internal affairs investigation and prior to the pre-disciplinary hearing, the Sheriff had decided to seek termination of Powell.**

19.     That because of the foregoing the Sheriff made the decision to terminate the employment of Powell without providing her with a meaningful pre-deprivation hearing. In so doing Powell was deprived of a property interest without due process of law contrary to the rights

7

afforded to her under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

**ANSWER:** **Defendant denies the allegations of paragraph 19 of Count II of Plaintiff's complaint.**

20.    That because he was a policymaker of the County the actions of the Sheriff as · described above were the actions of the County.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Count II of Plaintiff's complaint based on Plaintiff's use of the overly broad and vague phrase "policymaker of the county" and, therefore, denies the same.**

21.    That as a direct and proximate result of the foregoing conduct Powell lost her employment and sustained the loss of salary, employment benefits and other benefits arising out of her employment with the County and the Department. Additionally, she has suffered emotional pain and anguish, damage to her reputation, emotional distress, inconvenience and the loss of enjoyment of life.

**ANSWER:** **Defendant denies the allegations of paragraph 21 of Count II of Plaintiff's complaint**

## COUNT III

FIRST CAUSE OF ACTION AGAINST THE SANGAMON COUNTY SHERIFF'S DEPARTMENT

l.-12.    That for paragraphs 1 through 12 of Count III Powell repeats paragraphs 1 through 12 from above.

**ANSWER:** **Defendant repeats and realleges his answers to paragraph 1 through 12 of Plaintiff's complaint as and for his answers to paragraphs 1 through 12 of Count III of Plaintiff's complaint.**

13.    That by virtue of the office he held the Sheriff, at times relevant to this case, was a policymaker of the Department.

0727898\307463853.v1

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Count III of Plaintiff's complaint based on Powell's use of the overly broad and vague phrase "policymaker of the county".**

14.      That by virtue of the terms of the collective bargaining agreement referred to above which prevented Powell from being terminated from her employment absent good cause, she possessed a property interest in her employment with the County and the Department.

**ANSWER:  Defendant admits that Powell possessed the property interest in her employment with the Sangamon County Department of Corrections; however, denies the remainder of paragraph 14 of Count III of Plaintiff's complaint.**

15.      That by virtue of the property interest held by Powell in her employment with the County and the Department she was entitled to receive a pre-deprivation hearing which would afford her with both: a) an opportunity to be made aware of the reasons discipline was contemplated against her; and b) a reasonable and meaningful opportunity to respond to those reasons before any decision concerning discipline was made.

**ANSWER:  Defendant denies the allegations of paragraph 15 of Count III of Plaintiff's complaint.**

16.      That on January 11, 2019 Powell received notice that the Department was contemplating assessing discipline against her and she had an opportunity to participate in a pre-disciplinary hearing which would be held on January 18, 2019.

**ANSWER:  Defendant admits that Powell was provided with notice dated January 10, 2019 that a pre-disciplinary hearing was scheduled for January 14, 2019.  The pre-disciplinary hearing was eventually moved to January 18, 2019.**

17.      That on January 18, 2019 Powell attended a pre-disciplinary hearing.

**ANSWER:  Defendant admits the allegations of paragraph 17 of Count III of Plaintiff's complaint.**

0727898\307463853.v1

18.     That the Sheriff had prior to the time of the pre-disciplinary hearing decided to terminate Powell. He reported that decision at a meeting of the Jail Committee of the Sangamon County Board of Supervisors which was held on January 15, 2019.

**ANSWER:**     **Defendant admits that at a jail committee meeting on January 15, 2019, Sheriff Campbell  reported to the committee that in the next few days/weeks he anticipated two correctional officers would be terminated.  Defendant further admits that after learning the results of the internal affairs investigation and prior to the pre-disciplinary hearing, the Sheriff had decided to seek termination of Powell.**

19.     That because of the foregoing the Sheriff made the decision to terminate the employment of Powell without providing her with a meaningful pre-deprivation hearing. ln so doing Powell was deprived of a property interest without due process of law contrary to the rights afforded to her under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

**ANSWER:**     **Defendant denies the allegations of paragraph 19 of Count III of Plaintiff's complaint.**

20.     That because he was a policymaker of the Department the actions of the Sheriff as described above were the actions of the Department.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Count III of Plaintiff's complaint based on Plaintiff's use of the overly broad and vague phrase "policymaker" and, therefore, denies the same.**

21.     That as a direct and proximate result of the foregoing conduct Powell lost her employment and sustained the loss of salary, employment benefits and other benefits arising out of her employment with the County and the Department. Additionally, she has suffered emotional pain and anguish, damage to her reputation, emotional distress, inconvenience and the loss of enjoyment of life.

**ANSWER:**     **Defendant denies the allegations of paragraph 21 of Count III of Plaintiff's complaint.**

0727898\307463853.v1

## COUNT IV

SECOND CAUSE OF ACTION AGAINST THE SHERIFF, JACK CAMPBELL

1.-12.   That for paragraphs 1 through 12 of Count IV Powell repeats paragraphs 1 through 12 from above.

**ANSWER:**   **Defendant repeats and realleges his answers to paragraph 1 through 12 of Plaintiff's complaint as and for his answers to paragraphs 1 through 12 of Count IV of Plaintiff's complaint.**

13.   That during his career in the Department as both sheriff and undersheriff the Sheriff has treated male supervisory employees in the Department who were similarly situated to Powell and alleged to have engaged in conduct which was either as or more serious than the conduct alleged against Powell as described in paragraph 10 above more favorably than he treated Powell in terminating her employment.

**ANSWER:**   **Defendant denies the allegations of paragraph 13 of Count IV of Plaintiff's complaint.**

14.   That through his conduct as described in paragraph 13 above the Sheriff treated Powell differently and less favorably because of her sex in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**ANSWER:**   **Defendant denies the allegations of paragraph 14 of Count IV of Plaintiff's complaint.**

15.   That as a direct and proximate result of the foregoing conduct Powell lost her employment and sustained the loss of salary, employment benefits and other benefits arising out of her employment with the County and the Department. Additionally, she has suffered emotional pain and anguish, damage to her reputation, emotional distress, inconvenience and the loss of enjoyment of life.

**ANSWER:**   **Defendant denies the allegations of paragraph 15 of Count IV of Plaintiff's complaint.**

0727898\307463853.v1

## COUNT V

SECOND CAUSE OF ACTION AGAINST SANGAMON COUNTY, ILLINOIS

1.-12.   That for paragraphs 1 through 12 of Count V Powell repeats paragraphs 1 through 12 from above.

**ANSWER:** **Defendant repeats and realleges his answers to paragraph 1 through 12 of Plaintiff's complaint as and for his answers to paragraphs 1 through 12 of Count V of Plaintiff's complaint.**

13.   That by virtue of the office he held the Sheriff, at times relevant to this case, was a policymaker of the County.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Count V of Plaintiff's complaint based on Plaintiff's use of the overly broad and vague phrase "policymaker of the county".**

14.   That during his career in the Department as both sheriff and undersheriff the Sheriff has treated male supervisory employees in the Department who were similarly situated to Powell and alleged to have engaged in conduct which was either as or more serious than the conduct alleged against Powell as described in paragraph 10 above more favorably than he treated Powell in terminating her employment.

**ANSWER:** **Defendant denies the allegations of paragraph 14 of Count V of Plaintiff's complaint.**

15.   That through his conduct as described in paragraph 14 above the Sheriff treated Powell differently and less favorably because of her sex in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**ANSWER:** **Defendant denies the allegations of paragraph 15 of Count V of Plaintiff's complaint.**

16.   That because he was a policymaker of the County the actions of the Sheriff as described above were the actions of the County.

0727898\307463853.v1

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of Count V of Plaintiff's complaint based on Plaintiff's use of the overly broad and vague phrase "policymaker of the county".**

17.    That as a direct and proximate result of the foregoing conduct Powell lost her employment and sustained the loss of salary, employment benefits and other benefits arising out of her employment with the County and the Department.  Additionally, she has suffered emotional pain and anguish, damage to her reputation, emotional distress, inconvenience and the loss of enjoyment of life.

**ANSWER:**    **Defendant denies the allegations of paragraph 17 of Count V of Plaintiff's complaint.**

## COUNT VI

SECOND CAUSE OF ACTION AGAINST THE SANGAMON COUNTY SHERIFF'S DEPARTMENT

1.-12.   That for paragraphs I through 12 of Count VI Powell repeats paragraphs l through 12 from above.

**ANSWER:**    **Defendant repeats and realleges his answers to paragraph 1 through 12 of Plaintiff's complaint as and for his answers to paragraphs 1 through 12 of Count VI of Plaintiff's complaint.**

13.    That by virtue of the office he held the Sheriff, at times relevant to this case, was a policymaker of the Department.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Count VI of Plaintiff's complaint based on Plaintiff's use of the overly broad and vague phrase "policymaker" and, therefore, denies the same.**

14.    That during his career in the Department as both sheriff and undersheriff the Sheriff has treated male supervisory employees in the Department who were similarly situated to; Powell and alleged to have engaged in conduct which was either as or more serious than the conduct

13

alleged against Powell as described in paragraph 10 above more favorably than he treated Powell in terminating her employment.

**ANSWER:**    **Defendant denies the allegations of paragraph 14 of Count VI of Plaintiff's complaint.**

15.    That through his conduct as described in paragraph 14 above the Sheriff treated Powell differently and less favorably because of her sex in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**ANSWER:**    **Defendant denies the allegations of paragraph 15 of Count VI of Plaintiff's complaint.**

16.    That because he was a policymaker of the Department the actions of the Sheriff as described above were the actions of the Department.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of Count VI of Plaintiff's complaint based on Powell's use of the overly broad and vague phrase "policymaker".**

17.    That as a direct and proximate result of the foregoing conduct Powell lost her employment and sustained the loss of salary, employment benefits and other benefits arising out of her employment with the County and the Department. Additionally, she has suffered emotional pain and anguish, damage to her reputation, emotional distress, inconvenience and the loss of enjoyment of life.

**ANSWER:**    **Defendant denies the allegations of paragraph 17 of Count VI of Plaintiff's complaint.**

0727898\307463853.v1

WHEREFORE, Defendants, SANGAMON COUNTY, ILLINOIS, THE SANGAMON COUNTY SHERIFF'S DEPARTMENT and JACK CAMPBELL, deny that the Plaintiff is entitled to any of the relief sought and prays that Plaintiff's claim be dismissed and a judgment be entered in Defendants favor.

## AFFIRMATIVE DEFENSES

1.      Sheriff Campbell at all relevant times acted in good faith in performance of his discretionary duties and is shielded from personal liability for civil damages because his conduct did not violate any clearly established statutory or constitutional rights of the Plaintiff of which a reasonable person would have known and, therefore, is protected by the doctrine of qualified immunity.

2.      To the extent that Plaintiff alleges a *Monell* violation, no underlying constitutional violation has been established; therefore, there can be no municipal liability on behalf of Sangamon County or the Sangamon County Sheriff's Office.

3.      To the extent Plaintiff is attempting to assert a *Monell* claim against Sangamon County, it is an improper Defendant because it is a separate legal entity from the Sangamon County Sheriff's Department and, thus, Sheriff Campbell does not make policy or implement custom and practices for Sangamon County.

WHEREFORE, Defendants, SANGAMON COUNTY, ILLINOIS, THE SANGAMON COUNTY SHERIFF'S DEPARTMENT and JACK CAMPBELL, denies that Plaintiff is entitled to any of the relief requested, respectfully requests that judgment be entered in their favor and against Plaintiff, Tammy Powell, and for such further relief this Court deems just and proper.

0727898\307463853.v1

Pursuant to Fed.R.Civ.P. 38, Defendants demand a trial by jury on all issues triable by a jury.

Dated:  March 22, 2021                    Respectfully submitted,

                                          /s/ Russell L. Reed
                                          Russell L. Reed, #6196489
                                          rreed@hinshawlaw.com
                                          Hinshaw & Culbertson LLP
                                          400 South Ninth Street, Suite 200
                                          Springfield, IL 62701
                                          Telephone: 217-528-7375
                                          Attorneys for Defendants SANGAMON
                                          COUNTY, ILLINOIS, THE SANGAMON
                                          COUNTY SHERIFF'S DEPARTMENT and
                                          JACK CAMPBELL

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I electronically filed an **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

James P. Baker                           Email:  jpb@bbklegal.com
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, IL  62701

and I hereby certify that on March 22, 2021, I mailed a true and correct copy of the foregoing document via the United States Postal Service, first-class postage pre-paid to the following non-registered participants:

                                          /s/ Debra L. Smith
                                          Debra L. Smith
                                          Hinshaw & Culbertson LLP
                                          400 South Ninth Street, Suite 200
                                          Springfield, IL 62701

0727898\307463853.v1